# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JEROME LESLIE ALLEN,    *

Petitioner    *

v    *    Civil Action No. ELH-16-1476

ACTING WARDEN OF WCI, and    *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND    *

Respondents    *

***

## **MEMORANDUM**

On May 16, 2016, Petitioner Jerome Leslie Allen filed a habeas corpus petition under 28 U.S.C. § 2254, attacking his conviction entered in the Circuit Court for Baltimore County. ECF 1 ("Petition").[1] Respondents filed an Answer indicating that the Petition raised non-cognizable claims and also was unexhausted. ECF 3. At that time, Petitioner's direct appeal remained pending. ECF 3-1.

Petitioner replied. ECF 4, 5, 6, and 7. He also filed supplemental petitions clarifying and expanding his claims, and explaining that his direct appeal had concluded.[2] ECF 8; ECF 10; ECF 11; ECF 12. Respondents were directed to supplement their Answer. ECF 13. Respondents complied (ECF 15), with exhibits, and indicated that the Petition must be dismissed for failure to exhaust state court remedies. Petitioner has replied. ECF 16.

Petitioner has also moved for summary judgment. ECF 18. He indicates that Respondents did not answer the specific claims raised in the Petition, and therefore he is entitled

---

[1] Citations are to the court's electronic docket.

[2] *See* Maryland Judiciary Case Search, *State v. Allen*, Circuit Court for Baltimore county, 03K13000996; http://casesearch.courts.state.md.us/casesearch/

to summary judgment. *Id*. For the reasons that follow, Petitioner is mistaken. His motion (ECF 18) shall be denied.

In addition, Petitioner has moved for reconsideration of the Court's Order (ECF 13) denying his request for immediate release. *See* ECF 14. Because Petitioner has not demonstrated that he is entitled to immediate release, and the motion (ECF 14) shall be denied.

No hearing is necessary to resolve the Petition. For the reasons that follow, I shall deny the Petition.

## I. Background

On June 11, 2015, in the Circuit Court for Baltimore County, Petitioner was found guilty of second degree assault and sentenced to a ten-year term of confinement. ECF 15-1 (Docket) at 3. Petitioner noted a timely appeal to the Maryland Court of Special Appeals, presenting one claim in his appellate brief, ECF 15-2 at 5:

> Did the trial court err by failing to exclude two articles of evidence collected from Mr. Allen and the statement Mr. Allen made to police after he was arrested on the basis that the statement and evidence were fruit of the poisonous tree derived from an illegal stop and arrest of Mr. Allen?

In an unreported decision, the Maryland Court of Special Appeals affirmed the conviction on December 15, 2016. ECF 15-5. The mandate issued on January 17, 2017. *Id.* at 10. Petitioner did not seek further review in the Court of Appeals of Maryland. ECF 15-1. His judgment became final for direct appeal purposes on February 1, 2017. *See* Md. Rule 8-302 (requiring certiorari petition to be filed no later than 15 days after issuance of the mandate of the Court of Special Appeals). Petitioner has not sought post-conviction relief. *See* ECF 15-1 (Docket).

Allen filed the original Petition and, as noted, has filed several amendments. In his most recent supplement he clarifies and states his claims as follow: (1) "Violations of Civil and Political Rights"; (2) "Violations of Economic, Social and Cultural Rights"; (3) "Violations of American Declaration of Rights and Duties of Man"; (4) "Violation of Supremacy Clause (Article 6, Clause 2 of the United States Constitution)"; (5) "Mr. Allen was arrested on January 19, 2013 in violation of his Fourth (4th) Amendment rights"; (6) "The State's evidence should have been excluded from trial because it is fruit of the poisonous tree and a violation of Mr. Allen's Fourth (4th) Amendment rights"; (7) "Mr. Allen was imprisoned in violation of his Due Process Rights protected under the Fifth (5th) and Fourteenth (14th Amendment)". ECF 12 at 5-7.[3]

Before this Court may consider the merits of claims raised under 28 U.S.C. §2254 which challenge the validity of a state court conviction, those claims must be fully presented and exhausted in the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Gray v. Netherland*, 518 U.S. 152, 161-65 (1996); *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a

---

[3] Plaintiff also refers to an unresolved case that he filed in November 2015 under 42 U.S.C. § 1983. *See* ELH-15-3498. This Court issued a 51-page Memorandum Opinion and Order in that case on August 21, 2017, granting summary judgment in favor of all defendants, with the exception of Robustiano Barrera, M.D. *See* ECF 33 and ECF 34 in Case ELH-15-3498. Dr. Barrera subsequently moved for summary judgment, and his motion is pending. *Id.*, ECF 35.

petition for writ of certiorari. *See* Md. Code, § 12-201 and § 12-301 of the Courts and Judicial Proceedings Article ("C.J."). If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* C.J. § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* C.J. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Further, Petitioner must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the circuit court where Petitioner was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code, § 7-101 *et seq.* of the Criminal Procedure Article. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* C.J. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams, supra*, 292 Md. 201.

Notably, Allen acknowledges that he has not pursued his post-conviction claims in State court. *See* ECF 12 at 6, ¶ 16. Moreover, the State concedes that "Allen still has state post-conviction rights available to him." ECF 15 at 8.

Petitioner must comply with a one-year filing deadline to file a petition with this Court following exhaustion of his claims. Petitioner is forewarned that the one-year filing deadline

begins to run on the date his conviction is final. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Petitioner has to seek federal habeas corpus review. Given these constraints, the instant petition will be dismissed, without prejudice, to accord Petitioner adequate time and notice to comply with both the exhaustion and filing deadline requirements.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Petitioner fails to meet this standard and a Certificate of Appealability shall not issue.

A separate Order follows.

December 13, 2017  /s/
Date  Ellen L. Hollander
  United States District Judge